```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
RASAAN COLE,

                    Plaintiff,
                                        MEMORANDUM & ORDER
          -against-                     13-CV-4645(JS)(AKT)

NASSAU COUNTY, MICHAEL SPOSATO,
in his individual and official
capacity, and NASSAU COUNTY
SHERIFF'S DEPARTMENT,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Rasaan Cole, pro se
                    38 E. 51st Street
                    Brooklyn, NY 11203

For Defendants:     No appearances.
```

SEYBERT, District Judge:

On August 14, 2013, then-incarcerated pro se Plaintiff Rasaan Cole ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against Nassau County, Michael Sposato ("Sposato"), and the Nassau County Sheriff's Department ("Sheriff's Dept.") (collectively, "Defendants"), accompanied by an application to proceed in forma pauperis. Plaintiff's Complaint was also accompanied by an Amended Complaint.

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court determines that the Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that

follow, the Amended Complaint, which supercedes the original Complaint, is sua sponte DISMISSED IN PART.

BACKGROUND[1]

At the time that Plaintiff filed his Amended Complaint, he was an unconvicted inmate who had been subjected to assault and abuse by other "gang-related" inmates at the Nassau County Correctional Center. (Am. Compl. ¶¶ 1, 10, 16-18.) According to Plaintiff, Defendants Sposato and Nassau County have knowledge of a "pattern and practice" whereby inmates are attacking other inmates resulting in serious injuries. (Id. ¶¶ 2-3, 15, 19-26.) He claims that Defendants Sposato and Nassau County are aware that the security protocols in place at the Nassau County Correctional Center are not being followed by the corrections officers at the jail and, specifically, that corrections officers often abandon their security posts on the units to which they are assigned. (Id. ¶¶ 15-16, 20-23.)

Plaintiff alleges that on July 19, 2013, other inmates assaulted him, causing injury. (Id. ¶ 16.) Plaintiff cried for help but no corrections officers were at their security post on the unit, and other officers who heard his cries did not come to his aid. (Id.)

As a result, Plaintiff claims that he was deprived of his

---

[1] The following facts are taken from Plaintiff's Amended Complaint and are presumed to be true for the purposes of this Memorandum and Order.

constitutional right under the Fourteenth Amendment to the United States Constitution, as a pretrial detainee, to be free from cruel and unusual punishment.  (Id. ¶¶ 25-26, a[2].)  As a result of the denial of his rights, he was assaulted and suffered a "fracture of the zygomatic bone," loss of sensation in his face, shoulder and back injuries, severe headaches, tremors, and scars on his leg and back.  (Id. ¶ 17.)  Plaintiff seeks to recover an unspecified amount of compensatory and punitive damages as well as declaratory relief to the effect that the attacks described in his Amended Complaint are unconstitutional.  (Id. ¶¶ a-c.)

DISCUSSION

I.   In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court determines that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees.  See 28 U.S.C. § 1915(a)(1).  Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II.  Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be

---

[2] Plaintiff's Amended Complaint has numbered paragraphs for pages 1-11 and then switches to lettered paragraphs on pages 13-14.  The Court did not receive a page 12 in the Amended Complaint.

granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i-iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

    A.    Claims Against the Nassau County Sheriff's Department

It is well-established that "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002). Thus, Plaintiff's claims against the Nassau County Sheriff's Department are not plausible because they have no legal identity separate and apart from Nassau County and are thus DISMISSED WITH PREJUDICE. See Lukes v. Nassau Cnty. Jail, No. 12-CV-1139, 2012 WL 1965663, at *2 (E.D.N.Y. May 29, 2012) (dismissing claims against

Nassau County Jail because it is an "administrative arm of Nassau County, without a legal identity separate and apart from the County"); Melendez v. Nassau Cnty., No. 10-CV-2516, 2010 WL 3748743, at *5 (E.D.N.Y. Sept. 17, 2010) (dismissing claims against Nassau County Sheriff's Department because it lacks the capacity to be sued).

    B.    <u>Claims Against Nassau County and Michael Sposato</u>

Plaintiff's claims against Defendants Nassau County and Michael Sposato shall proceed.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed <u>in forma pauperis</u> is GRANTED. The Amended Complaint is <u>sua sponte</u> DISMISSED WITH PREJUDICE as against the Nassau County Sheriff's Department for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A(b).

Plaintiff's claims against Nassau County and Michael Sposato shall proceed. Accordingly, the Clerk of Court is directed to issue Summonses for Nassau County and for Michael Sposato and to forward copies of the Summonses and the Amended Complaint to the United States Marshal's Service for service upon Defendants Nassau County and Michael Sposato. <u>See</u> 28 U.S.C. § 1915(d).

The Clerk of Court is further directed to mail a copy of this Memorandum and Order to the <u>pro se</u> Plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3)

that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

                                        SO ORDERED.

                                        /s/ JOANNA SEYBERT
                                        Joanna Seybert, U.S.D.J.

Dated: October   16  , 2013
       Central Islip, New York